**ORR et al.**

v.

**CITY OF ANCHORAGE et al.**

No. A-8211.

District Court, Alaska
Third Division, Anchorage.
March 29, 1954.

Harold J. Butcher, Anchorage, Alaska, for plaintiffs.

John Rader for defendant City of Anchorage.

Edward V. Davis, of Davis, Renfrew, & Hughes, Anchorage, Alaska, for individual defendants.

FOLTA, District Judge.

The principal question presented by this controversy is whether a way of necessity over the strip of land hereinafter ·described exists in favor of the individual defendants, each of whom deraigns title by mesne conveyances from one McCain, the common grantor. The several tracts involved are in Block 28, of the South Addition to the City of Anchorage, which until his death was owned by McCain.

From the metes and bounds description in each conveyance a 30-foot strip, running through this block from east to west, was excluded unquestionably with the intention of dedicating it for street purposes. Because the east end of the strip terminates in a bluff, access to the property bordering on the strip is necessarily limited to the west end. The tracts of the several parties adjoin the south boundary of the strip except the tract of the Gebharts, which adjoins it on the north and extends to the west end thereof. A few years ago the plaintiffs and the owners of the adjoining lots orally agreed not to use the strip, and thereafter they used one or the other of two driveways across the Gebhart tract as a means of access to the nearest street or road. The plaintiff Orr barred the entrance to the strip from the west and converted a portion of it into a lawn. The defendant E. T. Dimmock was unwilling to become a party to this oral agreement and the City, believing that the strip had been dedicated as a street, commenced to grade it. Thereupon the plaintiffs instituted this suit to enjoin the City and to have the adverse claims

of the individual defendants determined. At the same time, they obtained deeds from Mrs. Edington, executed under a power of attorney from Spicer who succeeded to the ownership of the unsold portions of Block 28 as McCain's devisee. The validity of these deeds is attacked on the ground that the power of attorney is invalid because not witnessed, but in view of the conclusion reached, it is not necessary to determine this question.

The Gebharts' offer of a 20-foot right of way to the City for a street is apparently not acceptable, being less than the minimum of 30-feet required for streets. Moreover, it appears that, since the Gebharts will not acquire title to the tract for several years, they are unable to convey title.

■■ The evidence warrants the inference that the common grantor intended to make a dedication of the strip but failed to do so before title vested in Spicer his devisee. Mrs. Edington's testimony makes it clear that not only was the 30-foot strip intended as a way of access to the landlocked lots in Block 28, but also her insistence, at the time of executing the quit claim deeds to the plaintiffs, that use of the strip for this purpose be not interfered with, was a confirmation of the previous existence of the easements as appurtenances to the lands of the defendants. I conclude, therefore, that an easement by implication exists over the 30-foot strip in favor of each remote grantee of McCain; 3 Tiffany, Real Property, 253–5, Secs. 179–180; 277–298, Secs. 790, 793–4, especially, since the deeds recite that the land is conveyed "together with appurtenances thereunto belonging"; 3 Power, Real Property, 414–41, Secs. 410–412. It follows, therefore, as a corollary that these easements passed as appurtenances and vested in the defendants; 3 Powell, Real Property, 473–4, Sec. 418.

■ While the primary object of this suit is injunctive relief, it should be noted that it also partakes of the nature of a quiet title proceeding. The defendants sue to have their easements quieted as against the plaintiffs' claim of unencumbered fee simple title. The relief sought by the City may not in my opinion, be granted because condemnation of a right of way for a street cannot be made the subject of a counterclaim in this suit.

■ I conclude, therefore, that injunctive relief should be denied for want of equity, and that the defendants' easements of way in the 30-foot strip should be quieted as against the adverse claims of the plaintiffs.